### M. F. Harvard v. The State.

No. 3507. Decided February 7, 1906.

**Theft of Mule—Original Taking—Insufficiency of Evidence.**

Where upon trial for theft of a mule the evidence showed that the animal had come in possession of defendant's father either by theft or as an estray, and that it was sold after the father's death, and that in either case the defendant had no connection with the original taking, the evidence was not sufficient to sustain a conviction.

Appeal from the District Court of Angelina. Tried below before Hon. James I. Perkins.

Appeal from a conviction of theft of a mule; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of a mule. Without going into a detailed statement of the testimony it is sufficient to make the following statement: The father of appellant died a day or two before Christmas, 1903. The mule in question was known as an estray; at least it is spoken of by the witnesses as an estray. It was taken up by the father of appellant during his lifetime, perhaps in the Spring of 1903, and was worked about the place on the farm during that year, and was kept on the place during the lifetime of the father, and after his death it was traded or sold either by his widow, or appellant and the widow together, in payment of a debt to a mercantile establishment. It is further stated that the deceased father claimed to have bought the mule after he had taken it up. It is shown that the mule was worked on the premises, and was unquestionably in the possession of appellant's father long prior to his death. It is also shown that appellant was away from home a portion of the year 1903. There is some testimony showing that the brother of appellant, whom the witnesses call Rel, also set up claim to the animal. After the death of appellant's father, Watts, present sheriff of Angelina County, went to the residence of the widow, where appellant was living, to collect the debt above mentioned. This and another mule and some cotton was finally turned over to Watts and accepted by him in payment of the debt to the company he was representing. There is some discrepancy in the testimony as to whether the widow turned over the property, or it was done by appellant, or that both acted together. Under this statement, appellant's father had possession of the mule, and the actual care, control and management of it for months before his death. If appellant sold the mule, it not being shown that he had any connection with the original taking, though appellant's father took it fraudulently, appellant could not be convicted of the theft of the mule. The mule left on his father's place, claimed by him under a bill of sale, and if the bill of sale story was not believed by the jury, then he had the control, possession of, and exercised control over it by virtue of it having been taken up as an estray. Appellant was not connected with the taking; and if it came into his possession at all it did so by reason of his father having had it on the place, and left it with his property at his death. Then, taking the case from either standpoint—that the father originally took it up and appropriated it, without having purchased it, appellant was not guilty of theft by selling it after his father's death; or, if the father had purchased it, after taking it up, and appellant sold it, he would not be guilty of

theft. If the father had stolen and converted it to his own use, and left it as a part of his estate, appellant did not become a thief, and could not inherit any fraud growing out of the father's original taking of the mule.

There are several errors presented for revision which would require a reversal of the judgment. But as we view the facts, appellant is not guilty of theft; and therefore we pretermit a discussion of the other errors assigned.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*